# EXHIBIT "A"

FILED: NEW YORK COUNTY CLERK 03/15/2019 09:19 AM
NYSCEF DOC. NO. 1

INDEX NO. 152751/2019
RECEIVED NYSCEF: 03/15/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Filed: _____

INDEX NO.

JUDITH CHUSID,

                Plaintiff,

Plaintiff designates New York County as the place of trial.

-against-

**SUMMONS**

REGAL CINEMAS UNION SQUARE,

                Defendant.

The basis of venue is Plaintiff's residence:
7 East 14th Street
New York, New York

**To the above named Defendant:**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service of this summons, or within 30 days after service of this summons is complete if this summons is not personally delivered to you within the State of New York.

In case of your failure to answer this summons, a judgment by default will be taken against you for the relief demanded in the complaint, together with the costs of this action.

Dated: New York, New York
      March /7, 2019

*[signature]*

LANGSAM LAW LLP
Attorneys for Plaintiff
217 Broadway, Suite 606
New York, New York 10007
(212) 742-2700

REGAL CINEMAS UNION SQUARE c/o Secy of State
850 Broadway
New York, New York 10003

FILED: NEW YORK COUNTY CLERK 03/15/2019 09:19 AM
NYSCEF DOC. NO. 1
INDEX NO. 152751/2019
RECEIVED NYSCEF: 03/15/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

JUDITH CHUSID,

                Plaintiff,

-against-

REGAL CINEMAS UNION SQUARE,
                Defendant.

---

INDEX NO.

**VERIFIED COMPLAINT**

    Plaintiff, by her attorneys, LANGSAM LAW LLP, as and for her Verified Complaint, respectfully alleges, upon information and belief:

    1. The plaintiff, JUDITH CHUSID, at all times herein mentioned was and still is a resident of the County of New York and the State of New York.

    2. The defendant REGAL UNION SQUARE STADIUM 14, at all times herein mentioned, was and still is a corporation organized and existing under the laws of the State of New York, with its principal place of business situated in the County of New York and the State of New York.

    3. The defendant, REGAL UNION SQUARE STADIUM 14, at all times herein mentioned conducted and carried on business in the County of New York and the State of New York.

    4. At all times herein mentioned, defendant REGAL UNION SQUARE STADIUM 14 transacted business within the State of New York.

    5. At all times herein mentioned, defendant REGAL UNION SQUARE STADIUM 14 derived substantial revenue from goods used or consumed or services rendered in the State of New York.

    6. At all times herein mentioned, defendant REGAL UNION SQUARE STADIUM 14 expected or should reasonably have expected its acts to have consequences in the State of New

York.

7. At all times herein mentioned, JUDITH CHUSID was lawfully upon defendant's premises.

8. At all times herein mentioned, the defendant REGAL UNION SQUARE STADIUM 14 owned the premises known as Regal Union Square Stadium 14, 850 Broadway, NY, NY, including the mat/rug thereat.

9. At all times herein mentioned, the defendant REGAL UNION SQUARE STADIUM 14 was one of the owners of the premises known as Regal Union Square Stadium 14, 850 Broadway, NY, NY, including the mat/rug thereat.

10. At all times herein mentioned, the defendant REGAL UNION SQUARE STADIUM 14 was a lessee of the premises known as Regal Union Square Stadium 14, 850 Broadway, NY, NY, including the mat/rug thereat.

11. At all times herein mentioned, the defendant REGAL UNION SQUARE STADIUM 14, defendant's servants, agents and/or employees operated the premises known as Regal Union Square Stadium 14, 850 Broadway, NY, NY, including the mat/rug thereat.

12. At all times herein mentioned, the defendant REGAL UNION SQUARE STADIUM 14, defendant's servants, agents and/or employees maintained the premises known as Regal Union Square Stadium 14, 850 Broadway, NY, NY, including the mat/rug thereat.

13. At all times herein mentioned, the defendant REGAL UNION SQUARE STADIUM 14, defendant's servants, agents and/or employees managed the premises known as Regal Union Square Stadium 14, 850 Broadway, NY, NY, including the mat/rug thereat.

14. At all times herein mentioned, the defendant REGAL UNION SQUARE STADIUM 14, defendant's servants, agents and/or employees controlled the premises known as Regal Union Square Stadium 14, 850 Broadway, NY, NY, including the mat/rug thereat.

15. At all times herein mentioned, the defendant REGAL UNION SQUARE STADIUM

14, defendant's servants, agents and/or employees supervised the premises known as Regal Union Square Stadium 14, 850 Broadway, NY, NY, including the mat/rug thereat.

16. On or before October 28, 2018, the defendant REGAL UNION SQUARE STADIUM 14, defendant's servants, agents and/or employees repaired the premises known as Regal Union Square Stadium 14, 850 Broadway, NY, NY, including the mat/rug thereat.

17. On or before October 28, 2018, the defendant REGAL UNION SQUARE STADIUM 14, defendant's servants, agents and/or employees inspected the premises known as Regal Union Square Stadium 14, 850 Broadway, NY, NY, including the mat/rug thereat.

18. On or before October 28, 2018, the defendant REGAL UNION SQUARE STADIUM 14, defendant's servants, agents and/or employees constructed the premises known as Regal Union Square Stadium 14, 850 Broadway, NY, NY, including the mat/rug thereat.

19. On or before October 28, 2018, the defendant REGAL UNION SQUARE STADIUM 14, defendant's servants, agents and/or employees designed the premises known as Regal Union Square Stadium 14, 850 Broadway, NY, NY, including the mat/rug thereat.

20. At all times herein mentioned, it was the duty of the defendant REGAL UNION SQUARE STADIUM 14, defendant's servants, agents and/or employees to maintain said premises known as Regal Union Square Stadium 14, 850 Broadway, NY, NY, including the mat/rug thereat, in a reasonably safe and suitable condition and in good repair.

21. On or before October 28, 2018, solely as a result of the defendant's negligence, carelessness and recklessness, JUDITH CHUSID was caused to trip and fall at the aforementioned location and to suffer severe and serious personal injuries to mind and body, and further, that JUDITH CHUSID was subjected to great physical pain and mental anguish.

22. By reason of the foregoing, JUDITH CHUSID was severely injured and damaged, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are believed to be permanent in nature and duration, and JUDITH

3

CHUSID will be permanently caused to suffer pain, inconvenience and other effects of such injuries; JUDITH CHUSID incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and JUDITH CHUSID will be unable to pursue JUDITH CHUSID's usual duties with the same degree of efficiency as prior to this accident, all to JUDITH CHUSID's great damage.

23. Due to defendants' negligence, plaintiff is entitled to damages in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction.

**WHEREFORE**, the plaintiff demands judgment awarding damages, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with interest and the costs and disbursements of this action, and such other and further relief as to this Court seems just and proper.

Dated: New York, New York
March 17, 2019

By: Elise Hagouel Langsam
LANGSAM LAW LLP
Attorneys for Plaintiff
217 Broadway, Suite 606
New York, New York 10007
(212) 742-2700

4

FILED: NEW YORK COUNTY CLERK 03/15/2019 09:19 AM
NYSCEF DOC. NO. 1

INDEX NO. 152751/2019
RECEIVED NYSCEF: 03/15/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

JUDITH CHUSID,

                Plaintiff,

-against-

REGAL CINEMAS UNION SQUARE,
                Defendant.

INDEX NO.

**AFFIRMATION OF ADDITIONAL SERVICE CPLR 3215(g)(4)**

---

    Elise Hagouel Langsam, an attorney admitted to practice in the State of New York, affirms the following under the penalties of perjury:

    1. I am of the law firm of LANGSAM LAW LLP, the attorneys of record for the plaintiff, and as such am thoroughly familiar with the facts and circumstances herein based upon the contents of the file maintained by this office.

    2. I make this affirmation pursuant to CPLR 3215(g)(4) regarding additional notice to the defendant served with process on the Secretary of State.

    3. That on March ___, 2019 and pursuant to CPLR 3215(f)(4), I deposited a copy of the Summons & Complaint in the above entitled action, accompanied by a notice (a copy of which is annexed hereto) that service of the Summons & Complaint was made pursuant to Business Corporation Law Section 306(b), enclosed in a first class postpaid wrapper in an official depository under the exclusive care and custody of the United States Postal Service within New York State, and properly addressed to the corporate defendant, at the last known address of that defendant, set forth below:

Regal Union Square Stadium 14
850 Broadway
New York, New York 10003

Dated: New York, New York
       March 1__, 2019

                              ELISE HAGOUEL LANGSAM

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

JUDITH CHUSID,

                Plaintiff,

-against-

REGAL CINEMAS UNION SQUARE,
                Defendant.

INDEX NO.

---

## NOTICE OF COMMENCEMENT OF ACTION SUBJECT TO MANDATORY ELECTRONIC FILING

    PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b) (3) of that Section.

    The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent/Represent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

    Exemptions from mandatory e-filing are limited to: 1) attorneys who certify in good faith that they lack the computer equipment or (along with all employees) the requisite knowledge to comply; and 2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov; mailing address: 60 Centre Street, New York, New York 10007).

Dated: 3/14/19

_____ (Signature)            217 Broadway, Suite 606            (Address)

Elise Hagouel Langsam        (Name)            New York, NY 10007

Langsam Law LLP            (Firm Name)            212-742-2700            (Phone)

el@langsamlaw.com        (E-Mail)

FILED: NEW YORK COUNTY CLERK 03/15/2019 09:19 AM
NYSCEF DOC. NO. 1

INDEX NO. 152751/2019
RECEIVED NYSCEF: 03/15/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

JUDITH CHUSID,

                Plaintiff,

-against-

REGAL CINEMAS UNION SQUARE,
                Defendant.

INDEX NO.

**NOTICE PURSUANT TO
CPLR 3215(g)(4)**

---

PLEASE TAKE NOTICE, that copies of the attached Summons and Complaint have been served upon the Secretary of State as agent for the above referenced corporate defendant in accordance with Business Corporation Law Section 306(b) and that further notice of said service is hereby given pursuant to CPLR 3215(f)(4).

Dated: New York, New York
       March 14, 2019

By: Elise Hagouel Langsam
LANGSAM LAW LLP
Attorneys for Plaintiff
217 Broadway, Suite 606
New York, New York 10007
(212) 742-2700

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
                    Index No.

-------------------------------------------------------------------

JUDITH CHUSID,
                    Plaintiff,

        -against-

REGAL CINEMAS UNION SQUARE,
                    Defendant.

-------------------------------------------------------------------

**SUMMONS and VERIFIED COMPLAINT**

-------------------------------------------------------------------

**LANGSAM LAW LLP**
Attorneys for Plaintiff
217 Broadway, Suite 606
New York, New York 10007
(212) 742-2700